BAHR JACOBOWSKY, Plaintiff in Error, v. THE PEOPLE OF THE STATE OF NEW YORK, Defendants in Error.

*Motions in arrest of judgment — House of prostitution — nuisance.*

Motions in arrest of judgment are sustained because of defects in the record, and not because of defects in the evidence.

A house of prostitution tends to corrupt and deprave public morals and disturb the peace, and for that reason is a common nuisance.

Writ of error to the Court of General Sessions of the city and county of New York, to review the conviction of the plaintiff in error of a misdemeanor.

*Wm. F. Howe,* for the plaintiff in error.

*Benj. K. Phelps,* for the defendants in error.

Daniels, J.:

It is insisted that the judgment in this case should have been arrested, because the proof on the trial did not show that the house charged to have been disorderly was situated in the Seventeenth ward of the city of New York, as it was alleged to be by the indictment. This position is very clearly untenable, because motions in arrest of judgment are not supported by mere defects of evidence. They are made upon supposed defects in the record itself, of which the evidence given upon the trial forms no part. (Whart. Crim. Law, §§ 3045–3047.)

The remedy for defective proof is by way of objection and exception, on that account, upon the trial. If that had then been taken, the proof could probably have been at once supplied, and the defect, if any in fact existed, corrected. Without an exception presenting the point, it cannot be raised, after the conviction of the prisoner, in cases of this description. (3 R. S. [5th ed.], 1028, 1029, §§ 23, 27.)

The indictment charged the prisoner with keeping a disorderly house, in such terms as to describe it as a house of prostitution, and the evidence given left no ground for doubting that to have

been its character. In addition to that, further proof was given tending to show that the house was noisy and disorderly. At the close of the trial, the prisoner's counsel requested the court to charge the jury: "That it is not sufficient that the prisoner kept a house of prostitution, they must find that it is a public nuisance before they can convict him of the offense charged in the indictment."

The court held, that if the jury found that what the officer said was true "that people were fighting and drinking in the house in question, and that such house he kept as a house of prostitution," it was within the provisions of the law. The counsel excepted to the charge given, and to the omission to charge as requested, but these exceptions are legally without merit.

If people were fighting and drinking in the house, and it was also a house of prostitution, the offense charged in the indictment was supported by the evidence.

For that purpose it would have been sufficient to have shown that the prisoner kept a house of prostitution. Its direct tendency was to corrupt and deprave public morals, and disturb the peace, and for that reason it was a common nuisance. That has uniformly been held to be the law. (1 Whart. Crim. Law, § 2392; 1 Bish. Crim. Law, §§ 665, 1046; *Jennings* v. *Commonwealth*, 17 Pick., 80; Ros. Crim. Ev. [6th Am. ed.], 735; *Warren* v. *People*, 3 Park., 544; *Lowenstein* v. *People*, 54 Barb., 299; *People* v. *Carey*, 4 Park., 238.) The indictment in the case of *Hunter* v. *Com.* (2 Sergt. & R., 297) did not charge the keeping of a house of prostitution, and for that reason it was not within these authorities and the principle which they sustain.

The prisoner in this case was properly convicted, and the judgment should be affirmed.

DAVIS, P. J., and BRADY, J., concurred.

Judgment affirmed.